## Chrysler First Consumer Discount Co. v. Babb

*Norman M. Yoffee,* for plaintiff.
*Donald Marritz,* for defendant David L. Pillar.

SPICER, *P.J.,* April 4, 1989 — David L. Pillar, one of two mortgagors in this foreclosure action, filed preliminary objections in the nature of a motion to strike the complaint and raising the issue of jurisdiction. For sake of simplicity, we refer to the parties interested in the disposition of those objections as "mortgagee" and "mortgagor" respectively.

A complaint in foreclosure was filed December 15, 1988, with a copy of a notice to mortgagor attached as Exhibit D. The notice basically was the form prescribed by 10 Pa.Code §7.4.

Notice was required by 41 P.S. §403(c), which provides such notice to clearly and conspicuously state:

"(1) The particular obligation or real estate security interest;

"(2) The nature of the default claimed;

"(3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;

"(4) The time within which the debtor must cure the default;

"(5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and

"(6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default." 41 P.S. §403(c).

There have been and, apparently, continue to be various interpretations of the meaning of these requirements and what must be done to comply

with them. Although requirement (3) above requires, "what sum of money, if any, must be tendered to cure the default," exact predictions of money are sometimes difficult to make with accuracy. See discussion in *Piper v. Oakes,* 10 D.&C. 3d 722 (1979).

Probably because of diverse interpretations of notice requirements by county courts, the legislature provided that "[a] form of notice of intention to foreclose, prescribed by regulations of the Secretary of Banking as provided under section 601[3] of the Loan Interest and Protection Law, shall be interpreted as satisfying the requirements of section 403 of said act." 7 P.S. §6020-166. (footnote refers to 41 P.S. §601)

The secretary has complied with this last statute by promulgating a form which appears in 10 Pa. Code §7.4. The secretary's form provides, inter alia:

"If you have not cured the default within the 30-day period and foreclosure proceedings have begun, *you still have the right to cure the default and prevent the sale at any time up to one hour before the sheriff's foreclosure sale. You may do so by paying the total amount of the unpaid monthly payments plus any late or other charges then due, as well as the reasonable attorney's fees and costs connected with the foreclosure sale [and perform any other requirements under the mortgage].* It is estimated that the earliest date that such a sheriff's sale could be held would be approximately _____. A notice of the date of the sheriff sale will be sent to you before the sale. Of course, the amount needed to cure the default will increase the longer you wait. You may find out at any time exactly what the required payment will be by calling us at the following number: _____. This payment must be in

cash, cashier's check, certified check or money order and made payable to us at the address stated above."

Despite the mandatory tone of the enabling legislation, there has been some skepticism expressed about the effect of the form. A federal district court opined that notice must explain how a cure figure is calculated. The court said, "[i]nexplicable calculations or mathematical errors constitute improper notice and are grounds for dismissal." *Main Line Federal Savings and Loan Association v. Joyce*, 632 F.Supp. 9, 10 (E.D. 1986). A bankruptcy judge, citing the consumer protection purpose of 41 P.S. §403 stated:

"[W]e do not believe that, by perpetuating a form, the Secretary of Banking either was empowered to or meant to overrule all of the cases cited herein which establish that the notice must, at a minimum, recite the monthly late charge and how same is computed as of any future date in order to comply with 41 P.S. §403(c)(3). Ideally, the notice should provide not only the amount of the late charge, but the day of the month on which such a charge is imposed when a payment is delinquent if the mortgagor is to be able to compute this charge as of a certain date. The model form contains numerous blanks which must be filled in with figures, and we believe that, at a minimum, the monthly late charge and method of its computation, as well as any 'other charges' which may be added, must be disclosed along with the amount of the regular monthly payment if a notice is to strictly comply with 41 P.S. §403(c)(3)." *In re Mosley*, 85 B.R. 942, 954 (Bankruptcy E.D. Pa. 1988).

Were this court to follow the holdings in these two federal cases, mortgagor would be entitled to dismissal. Although the notice states that the reason

for foreclosure is that mortgagor failed to make monthly payments for July through October, the amount required to cure default is not the product of four months times each monthly payment. The calculation may, therefore, be inexplicable.

Furthermore, the notice does not contain a formula by which a future cure payment may be calculated.

We understand that agency action must conform to statutory authorization. *Pennsylvania State Educational Association v. Commonwealth of Pennsylvania, Department of Public Welfare,* 68 Pa. Commw. 279, 449 A.2d 89 (1982). What we cannot understand is how a formula is any more of a "sum of money" (403(c)(3)) than notifying mortgagor to call a specified number for the sum.

The federal cases are contra positions taken by this court. The court said, in *Piper v. Oakes, supra,* that, since it would be impossible to set forth the precise amount of those sums in the notice "that it was sufficient to inform mortgagor that figures would be provided on request." Furthermore, in *Piper* and the later case of *The Gettysburg National Bank v. Trace,* 21 Adams Leg. J. 184 (1980), we held that dismissal was not the proper remedy for technical deficiencies in notice. This was because notice was a condition precedent to the right to accelerate payment of principal and foreclosure and an action could be stayed during such postponement.

It is of little significance that the secretary apparently followed the suggestion in *Trace.* What is important is the dispute about the act's meaning is the very thing the legislature intended to prevent by delegating to the secretary ultimate responsibility of drafting the notice form.

We find the notice used conformed to that presci-

bed. We further hold that the legislature has made its intentions obviously known. This is not an area in which consumer protection exists independently of the statute. The statute created it. The legislature has provided how it is to be enforced.

Thus, mortgagor's first two objections, based upon lack of explanation how the amount to cure was calculated and the lack of a formula to compute future amounts, are found to be without merit and are overruled.

The third is of even less merit. Although mortgagee went to great pains to limit its demand for relief, mortgagor argues that the inclusion of wording "Wherefore, plaintiff demands judgment against defendants in mortgage foreclosure in the total amount of $14,810.62" impermissibly expands foreclosure to an in personam proceeding. However, wording which follows clearly limits the request to an in rem judgment. Mortgagee stated, immediately following the quoted language, "(with the in rem limitation as to the real estate herein involved)."

The preliminary objections are overruled.

## ORDER

And now, April 4, 1989, defendant David L. Pillar's preliminary objections are overruled. He shall have 20 days in which to file an answer.